260

CHERRY STREET CORP. ET AL., APPELLEES, *v.* PORTERFIELD, TAX
COMMR., APPELLANT.

(No. 70-356—Decided July 21, 1971.)

*Messrs. Topper & Alloway* and *Mr. R. Brooke Alloway,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellants.

O'NEILL, C. J. The controversy in this appeal centers around the validity of the test checks conducted by the Tax Commissioner.

Appellees argue that the Tax Commissioner's test check was "designed * * * to indicate the maximum tax collectible without vocal protest from the customers," while their test checks were "designed to establish the proportion that taxable retail sales bear to all the retail sales of the taxpayer."

Under R. C. 5739.10, "the proportion that taxable retail sales bear to all * * * retail sales" is to be determined "upon the basis of test checks of the vendor's business for a representative period * * *."

The Tax Commissioner based the method used by him in conducting the test checks on information "that no inquiry was ever made by the firm's employees as to whether or not the order was for 'consumption off premises' or 'carry-out' and that sales tax was collected in almost all instances."

Thus, the Tax Commissioner's test checks were based on appellees' *actual* mode of operation during the audit period. Appellees' test checks, on the other hand, were not so based.

In respect to the differences between the test-check methods employed by the Tax Commissioner and appellees, the Board of Tax Appeals stated:

"It appears clear to this board that the Tax Commissioner has fully complied with the requirements of Revised Code Section 5739.10 with respect to the test check authorized therein and that the test check was for a representative period and was also representative of the business as it was actually conducted during the audit period. On the other hand, during the audit period, no question was asked of a customer as to whether the purchased item was a 'to go' or 'carry out,' and therefore the appellant's test check could not be said to be representative of appellant's business during the audit period."

It is likewise clear to us that the words "representa-

tive period," as used in R. C. 5739.10, refer to a period of time within the confines of the audit period and that to be valid a test check must be conducted under conditions which approximate, as nearly as possible, the conditions under which the business was operated by the taxpayer during the audit period.

Thus, the Tax Commissioner's test checks were valid and those of appellees were not.

R. C. 5739.02(B)(20) provides:

"For the purpose of the proper administration of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established."

As pointed out in *Russo* v. *Donahue* (1967), 10 Ohio St. 2d 201, 210, taxpayers are obliged to keep records in order to carry out their burden of proving which of their sales are exempt and are "required to meet the presumption of taxability provided by" R. C. 5739.02.

In view of our conclusion that appellees' test checks were invalid because not conducted in conformity with actual business practice during the audit period, appellees have failed to carry out their burden of proving which of their sales are exempt.

Therefore, the judgments of the Court of Appeals are reversed and the decision of the Board of Tax Appeals is affirmed.

*Judgments reversed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.