NATIONAL DELICATESSENS, INC., APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

[Cite as National Delicatessens v. Collins (1976), 46 Ohio St. 2d 333.]

(No. 75-1201—Decided June 8, 1976.)

334

Christy & Stehle Co., L. P. A., and Mr. William L. Stehle, for appellant.

Mr. William J. Brown, attorney general, and Ms. J. Elaine Bialczak, for appellee.

*Per Curiam.* Appellant contends that its records were "substantially complete and accurate" and that the Tax Commissioner lacked authority to institute the test check herein. This court finds that contention to be without merit.

First, appellant's cash register tapes and guest checks were inadequate based upon statutory requirements and this court's decision in *McDonald's* v. *Kosydar* (1975), 43 Ohio St. 2d 5. R. C. 5739.10 authorizes the Tax Commissioner to conduct a test check when a vendor fails to comply with the requirements of R. C. 5739.11 that it keep "complete and accurate records of sales, together with a record of the tax collected thereon."

In *McDonald's, supra,* this court held, at page 8, that "the record-keeping requirements within R. C. 5739.11 must be construed in a manner which will allow the Tax Commissioner to determine if sales taxes which should have been charged by vendors were actually collected and remitted to the state Treasurer * * * [and] in order to be 'adequate,' a vendor's records must enable the Tax Commissioner to ascertain if the proper sales tax was collected according to law."

As in *McDonald's,* the cash register tapes here are inadequate. Appellant's tapes reveal only daily totals for each of three categories of sales. Such information is not sufficiently detailed to "allow the Tax Commissioner to determine if sales taxes which should have been charged * * * were actually collected and remitted * * *." Further, appellant's guest checks were found to be incomplete.

Appellant contends further that the test check was not

conducted "for a representative period," as required by R. C. 5739.10 and 5739.13.

However, the record indicates that the Tax Commissioner's agent consulted with the taxpayer and, together, they selected the week of May 1, 1974. Appellant has not shown that the test check was not conducted "under conditions, which approximate, as nearly as possible, the conditions under which the business was operated by the taxpayer during the audit period." *Cherry Street Corp.* v. *Porterfield* (1971), 27 Ohio St. 2d 260.

Therefore, appellant, having "failed to carry out * * * [its] burden of proving which of * * * [its] sales are exempt (*Cherry Street Corp., supra*), the decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.