OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Narmac, Inc., Appellant, v. Tracy, Tax Commr., Appellee.
[Cite as Narmac, Inc. v. Tracy (1993),       Ohio St.3d    .]
Taxation -- Sales tax -- Assessments -- Test check, if properly
    conducted and applied, can form the basis for a sales tax
    assessment -- R.C. 5739.10.
    (No. 92-1261 -- Submitted January 14, 1993 -- Decided July
14, 1993.)
      Appeal from the Board of Tax Appeals, No. 88-Z-1062.
      Narmac, Inc. ("Narmac"), appellant, pursues only two of
the issues raised in its notice of appeal to this court.  It
contends that the "test check" procedure utilized by the Tax
Commissioner under R.C. 5739.10 was invalidly applied in this
case because it was not conducted for a representative period.
It also contends that the commissioner's assessment cannot be
accepted because it was based merely on a mathematical
application of two days' actual sales transactions to the
entire audit period.
      During the audit period, September 1, 1983 to June 30,
1986, Narmac owned the Tower City McDonald's, a McDonald's
restaurant located in a food court in Cleveland's Terminal
Tower.  Employees of the Tax Commissioner, who ate at the
Tower City McDonald's, noticed that Narmac was not collecting
sales tax on all food consumed on the premises and prompted the
commissioner to conduct a test check of Narmac's sales.
      The test check was done on two days selected by the
commissioner, after consulting with representatives of Narmac.
During the test check, Narmac employees were instructed to ask
customers whether the purchase of food was "for here" or "to
go."  The Tax Commissioner's agents stationed near the cash
registers, noted manually whether the sale was for consumption
on or off the premises.  At the same time, Narmac's registers
electronically recorded all sales made and the tax collected
thereon.  Since the manual results were within two percentage
points of the electronic results, Narmac's records of sales and
tax collected for the two test days were accepted by the
commissioner.  Based on these records, Narmac was assessed
sales taxes of $35,603.99 plus penalty because the test checks
showed a lower ratio of exempt sales to non-exempt sales than

had been reported for the audit period.  The commissioner rejected Narmac's petition for reassessment.

On appeal, in lieu of an evidentiary hearing at the Board of Tax Appeals ("BTA"), the parties stipulated into evidence the depositions of several witnesses and, based upon those depositions and the statutory transcript, the BTA affirmed the assessment.

The cause is now before this court upon an appeal as of right.

Abrams, Anton, Robbins, Resnick & Schneider, P.A., and Stanley D. Gottsegen; McDonald, Hopkins, Burke & Haber Co., L.P.A., and William J. O'Neill, for appellant.
Lee I. Fisher, Attorney General, and Lawrence D. Pratt, Assistant Attorney General, for appellee.

Per Curiam.  It is fundamental that a test check, if properly conducted and applied, can form the basis for a sales tax assessment.  Cherry Street Corp. v. Porterfield (1971), 27 Ohio St.2d 260, 56 O.O. 2d 156, 272 N.E.2d 124.  For the following reasons, we find that the assessment in this case was based upon a valid test check.

R.C. 5739.02 imposes a tax on each retail sale made in this state except, as provided in R.C. 5739.02(B)(2), for "[s]ales of food for human consumption off the premises where sold."  All vendors are required by R.C. 5739.11 to "keep complete and accurate records of sales, together with a record of the tax collected on the sales."  However, "no vendor shall be required to maintain records of * * * sales of food for human consumption off the premises where sold[.] * * * [W]here a vendor does not have adequate records of receipts from * * * sales of food for human consumption on the premises where sold, the tax commissioner may * * * determine the proportion that taxable retail sales bear to all [the vendor's] retail sales" by conducting "test checks of the vendor's business for a representative period."  R.C. 5739.10(B).

In King Drug Co. of Dayton v. Bowers (1961), 171 Ohio St. 461, 463, 14 O.O. 2d 318, 320, 172 N.E. 2d 3, 4, we stated:

"Whether a test check covers 'a representative period' is a factual question to be determined by the board * * *."  See, also, McDonald's of Springfield, Ohio, Inc. v. Kosydar (1975), 43 Ohio St.2d 5, 72 O.O. 2d 3, 330 N.E.2d 699.

Narmac bears the burden of proving error on the part of the commissioner.  Cherry Street Corp., supra.  While arguing that the days chosen for the test check were not "representative," Narmac has not presented any evidence that sales on the test check days were unusual or differed in any way from sales under normal business conditions.  Thus, this argument must fail.

Narmac's second contention is that the commissioner erred in basing the assessment, not on the test check results, but on Narmac's own sales records for the two test days.  Narmac asserts that R.C. 5739.10 "mandates that the tax commissioner use only the results of the test checks to determine 'the proportion that taxable retail sales bear to all [the vendor's] sales.'"  However, R.C. 5739.10(B) expressly permits the commissioner to rely on "other information relating to the

sales made by such vendor" in making that determination. Narmac has not demonstrated that the commissioner's reliance on Narmac's own records was improper or that the BTA's affirmance of the assessment was unreasonable or unlawful.

The decision of the BTA is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and F.E. Sweeney, JJ., concur.

Resnick and Pfeifer, JJ., dissent.