NARMAC, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Narmac, Inc. v. Tracy* (1993), 66 Ohio St.3d 637.]

(No. 92–1261—Submitted January 14, 1993—Decided July 14, 1993.)

*Abrams, Anton, Robbins, Resnick & Schneider, P.A.*, and *Stanley D. Gottsegen; McDonald, Hopkins, Burke & Haber Co., L.P.A.*, and *William J. O'Neill,* for appellant.

*Lee I. Fisher,* Attorney General, and *Lawrence D. Pratt,* Assistant Attorney General, for appellee.

*Per Curiam.*   It is fundamental that a test check, if properly conducted and applied, can form the basis for a sales tax assessment. *Cherry Street Corp. v. Porterfield* (1971), 27 Ohio St.2d 260, 56 O.O.2d 156, 272 N.E.2d 124. For the following reasons, we find that the assessment in this case was based upon a valid test check.

R.C. 5739.02 imposes a tax on each retail sale made in this state except, as provided in R.C. 5739.02(B)(2), for "[s]ales of food for human consumption off the premises where sold." All vendors are required by R.C. 5739.11 to "keep complete and accurate records of sales, together with a record of the tax collected on the sales." However, "no vendor shall be required to maintain records of * * * sales of food for human consumption off the premises where sold[.] * * * [W]here a vendor does not have adequate records of receipts from * * * sales of food for human consumption on the premises where sold, the tax commissioner may * * * determine the proportion that taxable retail sales bear to all [the vendor's] retail sales" by conducting "test checks of the vendor's business for a representative period." R.C. 5739.10(B).

In *King Drug Co. of Dayton v. Bowers* (1961), 171 Ohio St. 461, 463, 14 O.O.2d 318, 320, 172 N.E.2d 3, 4, we stated:

"Whether a test check covers 'a representative period' is a factual question to be determined by the board * * *." See, also, *McDonald's of Springfield, Ohio, Inc. v. Kosydar* (1975), 43 Ohio St.2d 5, 72 O.O.2d 3, 330 N.E.2d 699.

Narmac bears the burden of proving error on the part of the commissioner. *Cherry Street Corp., supra.* While arguing that the days chosen for the test check were not "representative," Narmac has not presented any evidence that sales on the test check days were unusual or differed in any way from sales under normal business conditions. Thus, this argument must fail.

Narmac's second contention is that the commissioner erred in basing the assessment, not on the test check results, but on Narmac's own sales records

for the two test days. Narmac asserts that R.C. 5739.10 "mandates that the tax commissioner use only the results of the test checks to determine 'the proportion that taxable retail sales bear to all [the vendor's] sales.'" However, R.C. 5739.10(B) expressly permits the commissioner to rely on "other information relating to the sales made by such vendor" in making that determination. Narmac has not demonstrated that the commissioner's reliance on Narmac's own records was improper or that the BTA's affirmance of the assessment was unreasonable or unlawful.

The decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.