PLOWDEN AND ROBERTS, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 69-701—Decided March 25, 1970.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Charles F. Glander* and *Mr. Robert E. Fultz,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. George M. Hauswirth,* for appellee.

O'NEILL, J.  Appellant, a South Carolina corporation, whose business is buying and selling steel, entered into a contract with J. Robert Carlton, a resident of Virgina and owner of Ohio real estate, to erect a steel framework for a warehouse for Carlton on his Ohio real estate and to furnish the steel for that framework.

The appellant purchased the steel from four out-of-state suppliers and the steel was delivered by vendors' vehicles and common carriers to points at or near the location where the warehouse was to be constructed.

The appellant entered into a written contract with a sub-contractor, Tri-State Erectors, Inc., of Greensboro,

North Carolina, for the unloading of the steel at the job site and the erection of the steel framework for the warehouse pursuant to appellant's contract with Carlton. Tri-State in turn entered into a contract with a sub-contractor, Midwest Constructors, Inc., an Ohio corporation, for the unloading of the steel at the job site and the erection of the steel framework for the warehouse.

The use tax assessment, which is the subject of this case, was made against the appellant, based upon the purchase of steel which was used in the erection of the warehouse framework.

The use tax is imposed by Section 5741.02, Revised Code, which states in pertinent part:

"(B). Each *consumer,* storing, using, or otherwise consuming in this state tangible personal property *shall be liable* for the tax, and such liability shall not be extinguished until the tax has been paid to this state * * *." (Emphasis added.)

"Consumer" is defined in Section 5741.01, Revised Code, as follows:

"(F) 'Consumer' means any person who has *purchased* tangible personal property for storage, use, or other consumption *in this state."* (Emphasis added.)

"Purchase" is defined in Section 5741.01, Revised Code, as follows:

"(D) 'Purchase' means *acquired for a consideration,* whether such acquisition was effected by a transfer of title, or of possession, or of both * * *." (Emphasis added.)

The law is clear that a person who has acquired from an out-of-state supplier tangible personal property for a consideration for storage, use or consumption in this state is liable for the use tax.

It is undisputed that appellant purchased steel for use in the construction of a warehouse in Ohio. That steel was delivered in Ohio and was used for the purpose for which it was purchased. The steel was delivered and came to rest in the state of Ohio before the tax was levied. Thus, at the time it was delivered and came to rest in Ohio, any

previous attributes of interstate commerce which may have attached to the steel in transit were ended. *Minnesota* v. *Blasius* (1933), 290 U. S. 1, 78 L. Ed. 131; *Henneford* v. *Silas Mason Co.* (1937), 300 U. S. 577, 81 L. Ed. 814.

The authority for Ohio to assess a use tax against nonresidents based upon an agreement made outside Ohio for materials to be delivered in Ohio and used for the construction of a warehouse in Ohio was settled by this court in *Rochez Bros.* v. *Bowers* (1957), 166 Ohio St. 396, 400, and *Tri-City Broadcasting Co.* v. *Bowers* (1959), 169 Ohio St. 126. See *Southern Pacific Co.* v. *Gallagher* (1939), 306 U. S. 167, 83 L. Ed. 586.

The appellant contends that the imposition of the use tax against it (1) violates the due process clause of the United States Constitution, citing *Miller Bros. Co.* v. *Maryland* (1954), 347 U. S. 340, 98 L. Ed. 744; *Scripto* v. *Carson* (1960), 362 U. S. 207, 4 L. Ed. 2d 660; and *National Bellas Hess* v. *Illinois* (1967), 386 U. S. 753, 18 L. Ed. 2d 505; (2) violates the equal protection clauses of the United States Constitution, Section 1 of the Fourteenth Amendment, and Section 2 of Article I of the Ohio Constitution, citing *Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522, 3 L. Ed. 2d 480, and *Wheeling Steel Corp.* v. *Glander* (1949), 337 U. S. 562, 93 L. Ed. 1544; (3) must be reversed because the Tax Commissioner's Rule No. TX-15-01 is not authorized by or applicable to the Ohio Use Tax Act; (4) is unlawful because the appellant was neither a "consumer" nor a "construction contractor" in the transaction assessed; (5) should not have resulted in a penalty being imposed upon the assessment.

The appellant, in order to maintain its position, attempts to characterize the transaction involved in this case as one in which the appellant was the seller of the steel rather than the buyer. This position is not tenable because the record does not support it. All the arguments appellant makes for a reversal of the assessment rest upon the untenable position that appellant is a seller rather than a buyer.

An examination of the documents which are a part of

the record indicates that it is undisputed that P. & R. agreed to erect the structural steel, steel joist and metal deck and to furnish the materials required for this installation. Under the contract, P. & R. was to receive the sum of $420,000 for the materials and labor.

There is no evidence in the record that supports appellant's contention that P. & R. sold the steel to Carlton, or to Tri-State Erectors, or to Midwest Constructors. On the record, it is clear that the appellant purchased the steel and, through a sub-sub-contractor, Midwest Constructors, unloaded the steel and erected the installation pursuant to appellant's contract with Carlton. The record shows that subsequently appellant filed a mechanic's lien suit against Carlton because appellant had not received the entire payment due under the terms of the contract.

With regard to appellant's first contention that the assessment violates the due process clause of the United States Constitution, the cases of *Miller Bros., Scripto* and *Hess, supra,* are all cases which dealt with the problem of an out-of-state seller consummating a sale to a resident buyer. This is simply not the fact pattern presented by the record in this case, and those cases are distinguishable and not dispositive of the instant case.

With regard to the second contention of the appellant, that the assessment violates the equal protection clauses of the United States and Ohio constitutions, there is nothing in the record to support that contention. Regardless of whether the Ohio real estate owner, the North Carolina contractor, or the Ohio contractor purchased the steel for use in Ohio, the purchaser would be subject to the tax. In this case, it is the out-of-state purchaser of the steel who was assessed the use tax.

There is no discrimination in the record under the equal protection clauses. The cases cited by the appellant, *Allied Stores* and *Wheeling Steel, supra,* raise the question of discrimination in the application of taxes between resident and domestic corporation owners and nonresident and foreign corporation owners of personal property. The

fact pattern presented by this case does not raise that question.

With regard to the third contention of the appellant, that the Tax Commissioner's Rule TX-15-01 is not authorized by or applicable to the Ohio Use Tax Act, the assessment in this case does not rest upon the Tax Commissioner's rule. The assessment is made pursuant to the statutory language contained in Section 5741.02, Revised Code.

For its fourth contention, appellant asserts that it was neither a "consumer" nor a "construction contractor" in the transaction assessed.

To make this position tenable appellant must characterize itself as a seller when, in fact, the record makes it clear that the appellant was a purchaser of the materials. Appellant can not escape the use tax on the theory that because it contracted with a sub-contractor to erect the installation it became a seller rather than a purchaser of the materials which were used and consumed in erecting the warehouse.

Appellant's fifth contention is that the Tax Commissioner unlawfully imposed a penalty upon the assessment against the appellant.

It is apparent that Section 5739.13, Revised Code, in conjunction with Section 5741.14, Revised Code, indicates that the imposition of a 15 per cent penalty, added to the amount of every use tax assessment made, is mandatory. Section 5739.13, Revised Code, states:

"* * * The commissioner may adopt and promulgate rules and regulations providing for the remission of penalties added to assessments made under this section."

In *Interstate Motor Freight System* v. *Bowers* (1960), 170 Ohio St. 483, 485, this court said, with regard to a similar tax penalty clause:

"The statutory power to adopt rules and regulations for the remission of penalties creates a discretionary power in the Tax Commissioner. Thus, the remission of the penalty under Section 5728.10, Revised Code, differs from the ordinary assessment of taxes in that the remission of

the penalty, unlike the assessment of a tax, is in the first instance left to the discretion of the Tax Commissioner.''

There is no showing in the record that the Tax Commissioner abused his discretion by not remitting the penalty in the instant case.

Where P. & R., a South Carolina corporation, enters into a contract with a nonresident owner of Ohio real estate to erect a steel framework for a warehouse upon that Ohio real estate and to furnish the steel for that framework and, pursuant to the contract, purchases the steel for that framework from sellers located outside Ohio who deliver the steel by vendors' carriers or by common carrier to locations at or near the place where the warehouse is to be built, and P. & R. sub-contracts the work of unloading the steel at the job cite and erecting the steel framework for the warehouse to a North Carolina corporation which, in turn, sub-contracts the job of unloading and erecting to an Ohio company which unloads the steel at the job site and erects the steel framework, a use tax assessment levied against P. & R., based upon the purchase price of the steel, is neither unreasonable nor unlawful.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.