SERVOMATION CORPORATION, APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

[Cite as Servomation Corp. v. Kosydar (1976), 46 Ohio St. 2d 67.]

(No. 75-1054—Decided April 28, 1976.)

68

*Messrs. Glander, Brant, Ledman & Newman, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. John C. Duffy, Jr.,* and *Mr. Clinton J. Miller, III,* for appellee.

*Per Curiam.* Appellant concedes that under this court's decision in *McDonald's* v. *Kosydar* (1975), 43 Ohio St. 2d 5, 330 N. E. 2d 699, the commissioner was authorized to conduct test checks pursuant to R. C. 5739.10.[1] It contends, however, that the methods used to compute the assessment were invalid.

The relevant statutory language within R. C. 5739.10

---

[1] R. C. 5739.10 provides, in pertinent part:

"* * * [W]here a vendor does not have adequate records of receipts from his retail sales in excess of fifteen cents or sales of food for human consumption on the premises where sold, the tax commissioner may refuse to accept the vendor's return and, upon the basis of test checks of the vendor's business for a representative period, and other information relating to the sales made by such vendor, determine the proportion that taxable retail sales bear to all his retail sales. * * *"

Because of appellant's failure to charge sales tax on soft drinks, and its remission of tax by some outlets at a flat rate for part of the audit period, the commissioner was also authorized to conduct the tests under R. C. 5739.13, which states, in part:

"* * * When information in the possession of the commissioner indicates that the amount required to be collected under the provisions of Section 5739.02 of the Revised Code is, or should be, greater than the amount remitted by the vendor, the commissioner may upon the basis of test checks of a vendor's business for a representative period, which are hereby authorized, determine the ratio which the tax required to be collected under Section 5739.02 of the Revised Code bears to the receipts from the vendor's taxable retail sales, which determination shall be the basis of an assessment as provided in this section. * * *"

and 5739.13 authorizes assessments upon the basis of test checks of the "vendor's business for a representative period."

In *McDonald's, supra,* the commissioner attempted to use an average of figures derived from a test check of four outlets to arrive at an assessment against an outlet in Springfield, Ohio. Because R. C. 5739.10 requires a check of the "vendor's business," the court disallowed the assessment. Here, the commissioner conducted a test check from information obtained from each outlet and, thereby, satisfied the requirement that the check be of the "vendor's business."

To meet the requirement that the test check be "for a representative period," it must be conducted under conditions which approximate, as nearly as possible, the conditions under which the business was operated by the taxpayer during the audit period. *Cherry Street Corp.* v. *Porterfield* (1971), 27 Ohio St. 2d 260, 272 N. E. 2d 124. The commissioner's test check, through the use of information on menu tickets from one week of taxpayer's business at individual outlets, did not run afoul of that standard. It reflected the normal business procedure of appellant, and was based on the actual mode of operation during the audit period.[2] See *Cherry Street Corp., supra.* In that respect, the commissioner's decision to include, as taxable sales, the amounts from those menu tickets not marked "to go" was not unreasonable, insofar as appellant had instructed its personnel to mark "to go" on tickets which were not taxable.

We find further that it was not improper for the commissioner to determine the rate equivalent to the rate at which appellant in fact collected the tax from consumers and to use that information in reaching an assessment against the remaining outlets. See *Russo* v. *Donahue* (1967), 10 Ohio St. 2d 201, 226 N. E. 2d 747; *McDonald's* v. *Kosydar, supra.*

---

[2] The record does not reflect, nor does appellant contend, that the one week periods upon which the checks were based represented a time when unusual weather or business conditions occurred which could have influenced the results of the tests.

Appellant asserts further that R. C. 5739.13 fails to establish specific guidelines governing the remission of a penalty imposed by that section and, therefore, that such penalties must be refunded upon payment and proper application.

R. C. 5739.13 states, in part:

"A penalty of fifteen per cent shall be added to the amount of every assessment made under this section. The commissioner may adopt and promulgate rules and regulations providing for the remission of penalties added to assessments made under this section."[8]

Although R. C. 5739.13 makes the imposition of a penalty mandatory, it gives the commissioner sole discretion to determine whether a penalty shall be remitted. Because this discretion relates to the state's collection of sales tax under its police power, and the adoption of specific standards to govern the remission of penalties would be impracticable, conferring of such discretion upon the commissioner by R. C. 5739.13 is valid and constitutional. See Matz v. J. L. Curtis Cartage Co. (1937), 132 Ohio St. 271, 7 N. E. 2d 220; State v. Switzer (1970), 22 Ohio St. 2d 47, 257 N. E. 2d 908.

It is our conclusion that the test checks were not improper and the assessments are thereby affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[8]Rule TX-11-05 provides, in part:

"In the event a tax assessment to which a fifteen percent penalty has been added under the provisions of the Ohio Sales Tax * * * laws is paid in its entirety, including penalty, within thirty days after the date on which the notice of assessment is served on the person assessed, the Tax Commissioner may remit such part of the penalty as he may deem proper."