OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas J.
Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page numbers
where the opinions will be found in the bound volumes of the Ohio
Official Reports.

VeriFone, Inc., Appellant, v. Limbach, Tax Commr., Appellee.
[Cite as VeriFone, Inc. v. Limbach (1994),      Ohio St.3d    .]
Taxation -- Sales tax -- R.C. 5739.133 requires Tax Commissioner
     to add a penalty to every assessment issued under R.C.
     5739.13 and permits the commissioner to adopt rules providing
     for the remission of this penalty -- Ohio Adm.Code 5703-9-05
     requires assessee to petition for remission of penalty within
     thirty days after assessee receives notice of assessment --
     Statutory filing requirements are mandatory, jurisdictional
     requirements which cannot be waived -- Failure to comply with
     filing requirement results in dismissal of appeal.
     (No. 93-1974 -- Submitted May 12, 1994-- Decided July 27,
1994.)
     Appeal from the Board of Tax Appeals, No. 90-X-569.
     VeriFone, Inc., appellant, seeks remission of the penalty
that the Tax Commissioner, appellee, added to the sales tax
assessment she issued to VeriFone.
     The commissioner audited VeriFone for the tax period January
1, 1986 through June 30, 1989, and assessed $250,236.03 in sales
tax against it.  She also added a penalty of $125,118.02 to this
assessment.  VeriFone, which paid the assessment, filed a petition
for reassessment forty-five days after the commissioner had issued
the assessment, requesting remission of only the penalty.  The
commissioner dismissed the petition because VeriFone had filed it
beyond the thirty-day limit set forth in Ohio Adm. Code
5703-9-05.  On appeal, the Board of Tax Appeals affirmed.
     VeriFone's tax manager testified at the board hearing that,
after reading the instructions accompanying the assessment, she
could not understand when she should file the instant petition
and, after telephoning the commissioner's office, thought she had
sixty days to file the petition.
     The cause is before this court upon an appeal as of right.

     Bricker & Eckler, Charles F. Glander and Mark A. Engel, for
appellant.
     Lee Fisher, Attorney General, and Richard C. Farrin,
Assistant Attorney General, for appellee.

Per Curiam.  VeriFone contends that the commissioner cannot, by rule, establish a thirty-day limit for requesting the remission of penalties only; that, assuming she can, VeriFone has substantially complied with the rule; and that the misinformation the commissioner gave VeriFone estops the commissioner from dismissing the application.  We disagree and affirm the board's decision.

Formerly, R.C. 5739.13 required the commissioner to add a fifteen percent penalty to each assessment she issued.  This statute also permitted her to adopt rules to provide for the remission of these penalties.  However, Sub. H.B. No. 231, 142 Ohio Laws, Part II, 2911-2913 (effective Oct. 5, 1987), moved the penalty provisions from R.C. 5739.13 to newly enacted R.C. 5739.133.  R.C. 5739.133 increased the penalty in certain instances and provided for preassessment interest, but continued the requirement to add a penalty to every assessment issued under R.C. 5739.13:

"(A) A penalty shall be added to every amount assessed under section 5739.13 * * * of the Revised Code as follows:

"(1) In the case of an assessment against a person who fails to file a return required by this chapter, fifty per cent of the amount assessed;

"(2) In the case of a person whom the tax commissioner believes has collected the tax but failed to remit it to the state as required by this chapter, fifty percent of the amount assessed;

"(3) In the case of all other assessments, fifteen percent of the amount assessed.

"* * *

"(C) The commissioner may adopt rules providing for the remission of any penalty provided for under this section."

We have consistently read this language from R.C. 5739.13, which remains virtually intact in R.C. 5739.133, as a requirement for the commissioner to add a penalty to each assessment and to create in the commissioner the discretion to remit the penalty. In Plowden & Roberts, Inc. v. Porterfield (1970), 21 Ohio St.2d 276, 281-282, 50 O.O. 2d 497, 500, 257 N.E. 2d 350, 354-355, we stated:

"It is apparent that Section 5739.13, Revised Code, in conjunction with Section 5741.14, Revised Code, indicates that the imposition of a 15 per cent penalty, added to the amount of every use tax assessment made, is mandatory.  Section 5739.13, Revised Code, states:

"'* * * The commissioner may adopt and promulgate rules and regulations providing for the remission of penalties added to assessments made under this section.'

"In Interstate Motor Freight System v. Bowers (1960), 170 Ohio St.483, 485 [11 O.O. 2d 240, 241, 166 N.E. 2d 229, 231], this court said, with regard to a similar tax penalty clause:

'The statutory power to adopt rules and regulations for the remission of penalties creates a discretionary power in the Tax Commissioner.  Thus, the remission of the penalty under Section 5728.10, Revised Code, differs from the ordinary assessment of taxes in that the remission of the penalty, unlike the assessment of a tax, is in the first instance left to the discretion of the Tax Commissioner.'"

Moreover, in Servomation Corp. v. Kosydar (1976), 46 Ohio St.2d 67, 71, 75 O.O. 2d 147, 149-150, 346 N.E. 2d 290, 293-294,

we held that this discretion relates to Ohio's collection of sales tax under its police power, that the General Assembly need not adopt specific standards to govern the remission of penalties, and that conferring this discretion on the commissioner is valid and constitutional. And, according to Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46, 554 N.E. 2d 97, paragraph one of the syllabus, "[a]dministrative rules enacted pursuant to a specific grant of legislative authority are to be given the force and effect of law."

Finally, in Kilbarger Constr., Inc. v. Limbach (1988), 37 Ohio St.3d 234, 238, 525 N.E. 2d 483, 487, we declined to rule on a contention that the commissioner abused her discretion in refusing to remit a statutory penalty because the taxpayer had not requested this. Referring to former Ohio Adm. Code 5703-9-05, we stated:

"In any event, before [the commissioner] may exercise her discretion, such discretion must be invoked pursuant to the duly prescribed and promulgated rule."

Thus, R.C. 5739.133 requires the commissioner to add a penalty to every assessment issued under R.C. 5739.13 and permits her to adopt rules providing for the remission of this penalty. She has adopted Ohio Adm. Code 5703-9-05, which, inter alia, requires an assessee to petition for remission of the penalty within thirty days after the assessee receives notice of assessment. Under the above authority, she has the power to adopt this rule, and this rule has the force and effect of law.

Next, VeriFone argues that it has substantially complied with the timely filing requirement of Ohio Adm. Code 5703-9-05. However, in Akron Std. Div. of Eagle-Picher Industries, v. Lindley (1984), 11 Ohio St.3d 10, 12, 11 OBR 9, 10, 462 N.E. 2d 419, 420, in deciding that the verification requirement in R.C. 5739.13 was non-jurisdictional, we observed that the timely filing requirement runs to the core of procedural efficiency because it is an appellate statute of limitations. "Failure to comply fully with [this] requirement[], properly leads to dismissal of the appeal, since substantial compliance has not occurred." Id. Thus, VeriFone has not substantially complied with the commissioner's rule.

Finally, VeriFone maintains that the commissioner misled it and is estopped from dismissing the petition. However, statutory filing requirements are mandatory, jurisdictional requirements which cannot be waived even by a tax official. Bd. of Edn. of Mentor v. Bd. of Revision (1980), 61 Ohio St.2d 332, 15 O.O. 3d 398, 401 N.E. 2d 435. Consequently, we affirm dismissal of the petition because the commissioner cannot waive jurisdiction.

Accordingly, we affirm the decision of the board.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.