On May 7, 1998, the Summit County Court of Common Pleas granted summary judgment in favor of the plaintiff-appellee, Amer, Cunningham, Brennan Co, L.P.A. ("Amer"), in an action to collect legal fees from the appellant, Ed Sheeler. Sheeler has appealed from this judgment.
Sheeler has assigned as error that the trial court (1) improperly deemed that Amer's requests for admission were admitted when Sheeler had not responded to them by the discovery deadline or, in the alternative, improperly denied Sheeler's motion to withdraw the admissions and (2) improperly granted Amer's motion for summary judgment. Sheeler's first assignment of error is overruled and his second is sustained.
 I
Amer represented Sheeler in his divorce proceeding a few years ago. Both parties have agreed that they entered into an oral contract for legal services, and that Amer provided Sheeler with legal services. Amer has contended that Sheeler owed it $29, 572.50 for legal services, based on an hourly rate, plus $1950 for the costs that it had incurred on his behalf. Sheeler has disputed both the terms of the contract and the necessity of some of the work that was done by Amer. Both have agreed that Sheeler has already paid Amer approximately $20,000. In its complaint, Amer demanded payment of the balance, which amounted to $11,704.87.[1]
On August 7, 1997, Amer served Sheeler with requests for the following admissions:
 REQUEST NO 2: Admit that the Plaintiff performed those specific services identified on Exhibit A attached hereto.
 REQUEST NO 1: Admit that the fees identified on Exhibit A attached hereto represent reasonable fees for the services detailed.
Exhibit A consisted of eighteen pages of itemized services and reimbursable costs. Sheeler was given twenty-eight days from the date of service to respond. At the same time, Amer notified Sheeler that the materials he requested were available for inspection and copying. On September 19, 1997, when Amer had not received a response, Amer requested that the court deem its requests for admission admitted. On September 22, 1997, Sheeler filed denials of both requested admissions with the court and responded to Amer's motion. On October 22, 1997, the trial court granted Amer's motion to deem the requests for admission admitted. Amer subsequently moved for summary judgment, which the trial court granted, in the amount originally demanded.
 II A. Admissions
Sheeler has argued that the court improperly deemed his lack of response to Amer's requests for admission to be admissions or, in the alternative, that the court unreasonably refused to permit him to withdraw or amend the admissions. Civ.R. 36 articulates the process for requesting admissions in a civil action. Each party may serve any other party with requests that he or she admit that specific statements of fact or of the application of law to fact are true. Civ.R. 36(A). The document must designate a response period of at least twenty-eight days. Id. If the opposing party does not answer or object within the designated period, the mere passage of time transforms the requests for admission into admissions. See Cleveland Trust Co. v. Willis
(1985), 20 Ohio St.3d 66, 67-68, certiorari denied (1986),478 U.S. 1005, 92 L.Ed.2d 710. A court may permit a party to escape the consequences of late responses to requests for admission when compelling circumstances prevented a timely response. Id. at 67.
Here, Amer served two requests for admission on Sheeler. The requests stipulated that the deadline for response was twenty-eight days after service. Because service was made by mail, Sheeler had an additional three days in which to respond. See Civ.R. 6(E). When it had not received a response by the forty-fourth day, Amer requested that the court issue an order that the requests for admission be deemed admitted.
The rule is clear. "The matter is admitted unless, within a period designated[,] * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection[.]" Civ.R. 36(A). In order to avoid the consequences of his failure to meet the response deadline, Sheeler would have had to prove to the court that there were compelling circumstances which prevented his timely response. Sheeler explained that (1) he believed that he had obtained an extension of the deadline during a pretrial conference on August 18, 1997; (2) the discovery materials he had requested were not made available to him in time for him to review them before the response deadline, in part because of the impending birth of his attorney's child; and (3) his responses were less than two weeks late.
 With respect to the Sheeler's assertion that he believed Amer had agreed to extend the deadline for his responses to the requests for admission, Amer denied that an extension was granted. Although the record notes that a pretrial conference was scheduled for August 18, 1997, it does not contain any indication of what may or may not have been agreed to during the conference. Pursuant to Civ.R. 16, on the request of either party the court must make a "written order that recites the action taken at the [pretrial] conference." Sheeler did not take advantage of this opportunity to document the extension he believed he was granted. Nor has he provided any support for his assertion that he was granted an extension, other than his own recollection. Whether an extension was or was not granted is a factual matter. If an extension was granted, Sheeler's responses were not late. When the court denied Sheeler's motion that the admissions not be deemed admitted due to a lack of response, it necessarily determined that an extension had not been granted. A reviewing court is not at liberty to reverse a factual finding by the trial court unless it is clearly erroneous. Cremeans v. Fairland Local School Dist. Bd. of Edn. (1993), 91 Ohio App.3d 668, 681. That factual determination is not clearly erroneous because one of the parties has indicated that no extension was granted.
 Sheeler has also contended that he could not respond because he was not timely provided with access to the materials he requested through discovery and because of the proximity of the deadline to the birth of his attorney's child. The requests for admission would, if admitted, prove a substantial portion of Amer's case. Sheeler has not disputed the existence of a contract between himself and Amer for legal services, or that Amer provided legal services to him. He has argued that the terms of the contract were different than those alleged by Amer, and that some of the specific services were not performed or were unnecessary. The two requests for admission go the heart of the latter contested matter: (1) that some of the services were not performed or (2) that the overall fee was unreasonably high because it included fees charged for services that were unnecessary.
This court begins by noting that the copy of the detailed invoice attached to the complaint, as exhibit "A," was addressed to Sheeler and was dated twenty-five months before he was served with requests for admission. Sheeler answered Amer's complaint by asserting that, "The Account attached to Plaintiff's Complaint as exhibit `A' does not accurately represent the actual time dedicated by Plaintiff to defendant's account." In signing the answer, his attorney asserted to the court that "to the best of [his] knowledge, information, and belief there is good ground to support [the answer]." Civ.R. 11. Amer made its case files available for inspection and copying approximately a month before Sheeler was required to respond to its two requests for admission. Sheeler's theory of the case was that the contract between the parties generally provided for hourly fees but that the maximum fee was capped at $15,000, and that the bill was an inaccurate reflection of the work that was, or should have been, done. In order to comply with Civ.R. 11, Sheeler and his attorney would have had to review the invoice and to identify inaccurately billed services sufficient to support his answer before submitting his answer to the court. Those identified services would have included those that were never performed, those that were unnecessary, or those for which the time was inflated. To respond to the requests for admission, Sheeler could then have spent minimal additional time reviewing Amer's files, to verify the information that he had presumably already gathered in order to answer the complaint.
Finally, Sheeler offers that his response to the requests for admission was only two weeks late. Sheeler's late response was apparently prompted by Amer's calling the matter to the attention of the court. Sheeler submitted his denials of the requested admissions three days after Amer's motion to have the requested admissions deemed admitted. Sheeler's prompt response, once his failure to respond was brought to his attention, is not a compelling explanation for his initial failure to respond.
Sheeler failed to respond to the requests for admission in a timely manner. When that fact was called to the attention of the court, he failed to provide any compelling reason why that failure should be excused. As a result of his non-response, the trial court properly deemed him to have admitted the truth of the matters contained in the requests for admission.
Sheeler has also contended that the court abused its discretion when it refused to permit him to withdraw or amend those admissions, even if the initial motion to deem the requests for admission admitted was properly granted. Under some circumstances a trial court may permit a party to withdraw or amend his admissions. Doing so must aid in the presentation of the merits of the action and must not prejudice the party who obtained the admissions. Civ.R. 36(B). Assuming both conditions are met, the decision as to whether to permit withdrawal or amendment is within the sound discretion of the trial court. SeeCleveland Trust Co., 20 Ohio St.3d at 68. A reviewing court may reverse a discretionary decision of the trial court only if the trial court abused its discretion in making the decision.Jennings Churella Constr. Co. v. Lindley (1984), 10 Ohio St.3d 67,70. A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. Id.
The record does not indicate that Sheeler established that withdrawal of the admissions would aid in the presentation of the merits of his case. Sheeler argues that, "[I]t is beyond dispute that presentation of the merits would be furthered by permitting Defendant-Appellant to withdraw his admissions." Sheeler offers no explanation in his motion as to how withdrawal of the admissions would aid in the presentation of the merits of his case, nor does he offer one in any other document properly before the trial court at the time it made its decision. Because Sheeler did not meet his burden, Amer was not required to demonstrate that a withdrawal or amendment would prejudice it. Because the preconditions to permitting amendment or withdrawal of an admission were not established, the trial court did not abuse its discretion by refusing to permit Sheeler to do so. Sheeler's first assignment of error is overruled.
 B. Summary Judgment
In reviewing a trial court's grant of summary judgment, this Court applies the same test a trial court is required to apply in the first instance. See Berdyck v. Shinde (1993), 66 Ohio St.3d 573,578. Summary judgement is proper if our review of the record properly before the trial court establishes that:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327; VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 117.
The moving party bears the burden of articulating its claim and of affirmatively demonstrating that there are no genuine issues of material fact with respect to every essential element of the claim. See Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,114-115. That demonstration must be based on the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Id. at 114, citing Celotex v. Catrett (1986), 477 U.S. 317,323, 91 L.Ed.2d 265, 274. When the moving party has met its burden, the burden shifts to the non-moving party to respond. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the movant fails to satisfy its initial burden, the motion must be denied.Id.
Here, Amer seeks to establish its claim by means of a summary judgment. Amer has not, however, informed the trial court of the basis for its motion with particularity as is required by App.R. 7(B). See Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus. In its motion for summary judgment, Amer did not assert the existence of a contract, or of any other legal theory, which would create an obligation in Sheeler to pay for the services Amer rendered. The motion for summary judgment itself asserted only that Amer provided certain services for Sheeler and that the fees for those services were reasonable. Performance of services for another does not, in and of itself, establish an obligation in the other to pay for those services, even if the fees are reasonable.
Assuming Amer's claim is a contractual one, it has not met its burden of establishing that there are no genuine issues of material fact with respect to (1) the existence of a contract, (2) its performance of the contract, (3) a breach by Sheeler, and (3) resulting damages to the nonbreaching party. See Doner v. Snapp
(1994), 98 Ohio App.3d 597, 600-601. Amer was required to meet that burden by pointing to portions of the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. See Civ. R. 56(C).
An examination of the pleadings, alone, shows that Amer could not have done so. The complaint and answer establish a factual dispute as to the terms of the parties' oral contract. See InlandRefuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St.3d 321, 322 (noting that when the terms of a contract are unclear from the four corners of the document, the determination of those terms is factual). In its complaint, Amer contended the compensation was to be determined on a straight hourly basis; in his answer Sheeler disagreed.[2] Amer implicitly acknowledged the existence of this factual dispute in its pretrial statement by listing "the terms of the contract" as an issue of fact for trial.
Amer has contended that Sheeler owed it an additional $11,704.87 based on a total fee which was calculated on an hourly basis. Whether Sheeler breached, by not paying the amount billed by Amer depends, in substantial part, on whether the parties had agreed to determine the fees in the manner asserted by Amer. Amer failed to meet its burden of establishing that there is no genuine issue of material fact. Because it did not do so, the summary judgment granted by the trial court was improper.
Sheeler's second assignment of error is sustained.
 III
Sheeler's first assignment of error is overruled because Sheeler failed to timely respond to Amer's requests for admission and offered no compelling reason for his failure, upon which the trial court properly deemed the requested admissions admitted. Sheeler's second assignment of error is sustained because Amer did not meet its threshold burden of establishing that there were no genuine issues of fact, making summary judgment improper. The judgment is affirmed in part, sustained in part, and remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR
[1] Without explanation, Amer later amended its demand to $16,514.90. In its subsequent motion for summary judgment, Amer requested judgment in the amount of the original demand. In response to Amer's amended demand, Sheeler again requested the court permit him to withdraw or amend his inadvertent admissions. That request was denied.
[2] "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings[.]" Civ. R. 56(E). (Emphasis added.) Amer did not support its motion with an affidavit. Because Amer bears the burden of establishing the existence and terms of the contract that it was attempting to enforce, its motion did not trigger any obligation on Sheeler's part to do anything. Had Amer supported its assertions by affidavits, or other sworn or certified material permitted by Civ.R. 56, then Sheeler would have been obligated to respond in a like manner.