JOURNAL ENTRY and OPINION
Dawud Ali, appellant herein, appeals from the ruling of the Board of Tax Appeals (hereinafter BTA) affirming the determination of the Tax Commissioner that the appellant had underpaid and under reported sales tax which he was legally obligated to collect and assessing the appellant $77,663 in total unpaid sales tax, penalties and pre-assessment interest. Because we find that the decision of the BTA was consistent with the probative evidence presented both during the initial appeal to the Tax Commissioner and on appeal therefrom to the BTA, we affirm the ruling of the BTA.
The appellant operates a grocery store in the inner-city of Cleveland known as People's Food Market. The subject assessment resulted from an audit of the appellant's sales for the period of August 1, 1992 through July 31, 1996. Pursuant to a petition for reassessment, the Tax Commissioner denied appellant's objections to the assessment in an order dated January 17, 1998. An appeal from the order of the Tax Commissioner was filed with the BTA on February 9, 1998. A hearing commenced on the merits of the appeal on October 14, 1998. On June 23, 2000, the BTA issued its Decision and Order wherein it determined that the appellant had not offered sufficient evidence for the BTA to conclude that the Tax Commissioner had erred in calculating the amount of the assessment and interest or that the same were unreasonable or unlawful. The BTA also determined that the Tax Commissioner had not abused his authority in declining to remit all or part of the penalty which had been assessed against the appellant. The appellant timely filed the within appeal from the decision of the BTA on July 20, 2000.
The appellant presents a singular assignment of error for this court's review:
 I. THE TEST CHECK PERFORMED BY THE COMMISSIONER WAS IMPROPER AND DID NOT ADEQUATELY TEST THE SALES MADE BY THE TAXPAYER.
The appellant admits that he kept virtually no records of taxable sales or sales tax collected during the subject audit period. Additionally, many of the purchase records from the time period in question were purportedly destroyed during a flood of the basement of the structure in which the appellant's store is located. Thus, the agent who conducted the audit used purchase invoices from a seven month sample period in 1996 to determine the proportion of taxable sales to nontaxable sales at the appellant's store. The appellant does not object to the methodology used by the auditor in selecting a representative period or in determining the percentage of taxable items vis-a-vis nontaxable items which were purchased by appellant. Rather, the appellant contends that the audit failed to properly account for the much larger mark-up on taxable items such as beer, wine and cigarettes as compared to the mark-up on non-taxable items such as dairy items, lunch meats and frozen foods.[1]
The result of this mark-up discrepancy, according to the appellant, is that taxable items comprise a much larger percentage of total purchases than they do total sales.
The audit of the appellant's purchase invoices from the sample period showed that taxable purchases totaled 58.63% of all purchases. This figure was multiplied by the amount of gross sales to determine the total amount of taxable sales. The resultant tax liability, after crediting for sales tax paid, was $47,629.60.
According to the computations done by the appellant's accountant, using a different sample period, taxable sales comprised only 33.98% of total sales. The resulting tax liability, exclusive of penalties or interest, utilizing the appellant's accountant's figures as to total taxable sales was $22,125.88, a difference of $25,503.72 from the total reached by the auditor.
In challenging the procedure used for the assessment, R.C. 5739.10
authorizes the Tax Commissioner to conduct a test check when a vendor fails to comply with the requirements of R.C. 5739.11 that it keep "complete and accurate records of sales, together with a record of the tax collected thereon." The appellant in the case sub judice admittedly was not in compliance with the dictates of R.C. 5739.11 as he kept no records of taxable sales or tax collected for the audit period. At the BTA hearing the burden was on the appellant to establish that the findings of the Tax Commissioner, which are presumptively valid, were unreasonable or unlawful and of proving the manner and the extent of the claimed error. Hatchadorian v. Lindley (1986), 21 Ohio St.3d 66; Cherry Street Corp. v. Porterfield (1971), 27 Ohio St.2d 260.
Although the appellant did present a report prepared by his accountant purporting to show that the mark-up was higher on many taxable items than many non-taxable items, this report included only the alleged mark-up on a sampling of items and contained no documentation that the figures used were accurate. The mark-up percentages used appear to have been provided by the appellant to his accountant and were not the result of an independent audit or investigation of the rate at which the appellant marks up various taxable and nontaxable items.
R.C. 5739.10 states in pertinent part:
 Where a vendor does not have adequate records of receipts from his retail sales * * * the tax commissioner may refuse to accept the vendor's return and, upon the basis of test checks of a vendor's business for a representative period * * * determine the proportion that taxable retail sales bear to all retail sales.
R.C. 5739.10 does not provide for the use of a test check as a substitute to thorough record keeping by a vendor who has failed to keep adequate records as required by R.C. 5739.11. The BTA was under no obligation to accept the results presented from the appellant's independent test check. Indeed, given the questionable source of the data utilized in the appellant's report and the lack of any substantiation of the alleged greater mark-up of non-taxable items, the BTA properly determined that there was no factual basis for the conclusions reached in the appellant's report. Accordingly, we conclude that there was simply no basis upon which the BTA could conclude that the figures provided by the appellant accurately represented the total percentage of taxable sales during the subject audit period.
Similarly, we conclude that the BTA did not abuse its discretion in refusing to remit the penalty assessed against the appellant. R.C. 5739.133
requires that the Tax Commissioner add a penalty to every amount assessed under section 5739.13 or 5739.15 of the Revised Code. Jennings Churella Construction Co. v. Lindley (1984) 10 Ohio St.3d 67, 70. Remission of the mandatory penalty is left to the discretion of the Tax Commissioner. Id. We review such a determination under an abuse of discretion standard. Id.
Ohio Adm. Code 5703-9-05(B) provides:
 The commissioner may remit such part of the penalty as is deemed proper. Remission may be conditioned upon payment of the full amount, as finally determined, within thirty days of the receipt of the final determination of the commissioner or the date of decision of the board of tax appeals or other court of appellate jurisdiction. * * * (Emphasis added.)
Given the considerable extent to which the appellant underpaid sales tax owed during the subject audit period, the failure to maintain records as required by law and the purported refusal of the appellant to cooperate in the audit process, we cannot conclude that the BTA erred in determining that the Tax Commissioner did not abuse his discretion in failing to remit the penalty assessed against the appellant.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANN DYKE, J., CONCUR.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
[1] For example, the appellant presented evidence that his mark-up was 119% on bacon, 139% on wieners, 155% on frozen pizza and 119% on TV dinners, all nontaxable items. In contrast, the appellant alleges that his mark-ups on the following taxable items were 25% on beer, 50% on wine and 23% on cigarettes.