[Cite as *Smith v. Bernaciak*, 2023-Ohio-175.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| CHRISTINA SMITH | C.A. No.    21CA0039-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIA BERNACIAK | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No.    19CIV0335 |

DECISION AND JOURNAL ENTRY

Dated: January 23, 2023

TEODOSIO, Presiding Judge.

{¶1}    Christina Smith appeals the judgment of the Medina County Court of Common Pleas granting a directed verdict.  We affirm.

I.

{¶2}    In March 2019, Christina Smith filed a complaint for assault and battery against Tia Bernaciak for damages resulting from allegedly being struck in the face by Ms. Bernaciak in March 2018.  Default judgment was initially entered against Ms. Bernaciak, but subsequently vacated by the trial court.  The case proceeded through discovery and a trial was set for June 2021.  After a jury was empaneled and an opening statement by Ms. Smith, Ms. Bernaciak moved for a directed verdict on the grounds that certain facts had been deemed admitted by virtue of Ms. Smith's failure to provide timely responses to Ms. Bernaciak's requests for admissions.  The trial court subsequently granted the motion for a directed verdict.  Ms. Smith now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S ORAL MOTION FOR DIRECTED VERDICT BASED ON MATTERS DEEMED ADMITTED UNDER OHIO CIV.R. 36(A).

**{¶3}** In her first assignment of error, Ms. Smith argues the trial court erred when it granted a directed verdict based upon default admissions under Civ.R. 36(A). We do not agree.

**{¶4}** Because a motion for directed verdict presents a question of law, our review is de novo. *Spero v. Avny*, 9th Dist. Summit No. 27272, 2015–Ohio–4671, ¶ 17, citing *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013–Ohio–2520, ¶ 6. A trial court must grant a motion for directed verdict after the evidence has been presented if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, * * * reasonable minds could come to but one conclusion upon the evidence submitted * * *." Civ.R. 50(A)(4); *Parrish v. Jones*, 138 Ohio St.3d 23, 2013–Ohio–5224, ¶ 16. "By the same token, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977).

**{¶5}** In granting a directed verdict in favor of Ms. Bernaciak, the trial court determined that the requests for admissions served upon Ms. Smith were admitted pursuant to Civ.R. 36, and that those admissions established the basis for the directed verdict. Ms. Smith contends that because Ms. Bernaciak did not move for summary judgment or otherwise bring the admissions to the trial court's attention until the day of trial, the trial court should have overruled the motion for a directed verdict.

**{¶6}** Pursuant to Civ.R. 36(A):

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
>
> * * *
>
> The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Civ.R. 36(B) goes on to provide:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

{¶7} "By the explicit terms of Civ.R. 36(A), a party's failure to timely respond to request for admissions results in default admissions." *Marusa v. Brunswick*, 9th Dist. Medina No. 04CA0038-M, 2005-Ohio-1135, ¶ 20. "When a party fails to timely respond to the request for admissions, 'the admissions [become] facts of record, which the court must recognize.'" *Id.*, quoting *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985), certiorari denied, 478 U.S. 1005 (1986). *See also L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. Wayne No. 06CA0044, 2007–Ohio–885, ¶ 45, citing *Cleveland Trust Co.* at 67 (1985) ("It is well settled in Ohio that unanswered requests for admissions cause the matter requested to be conclusively established for the purpose of the suit * * *.")

{¶8} Ms. Smith contends that by relying upon the admissions in granting a directed verdict, the trial court deprived her of due process and points us to *Arrow Fin. Servs. v. Kuzniak*,

7th Dist. Mahoning No. 06 MA 133, 2007–Ohio–2191, in support of her argument. In *Kuzniak*, a magistrate's ruling had determined that facts were admitted as a result of the defendant's failure to respond to the plaintiff's requests for admissions. *Id.* at ¶ 17. The defendant filed objections to the ruling and the trial court subsequently adopted the magistrate's ruling and granted summary judgment in favor of the plaintiff. *Id.* at ¶ 19-20. The Seventh District Court of Appeals concluded that "given the unique circumstances of [the] case" the trial court had abused its discretion in allowing the facts to be deemed as admitted. Id. at ¶ 17. Those circumstances included the fact that it was a magistrate's ruling that had initially determined that the facts should be admitted and that evidence was presented suggesting that the plaintiff had been in compliance with the discovery request. *Id.* at ¶ 23. We find that these circumstances distinguish *Kuzniak* from the case sub judice.

**{¶9}** As this Court has previously recognized, "[w]hile Civ.R. 36(B) emphasizes the importance of resolving a case on the merits, it also assures each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *L.E. Sommer Kidron, Inc.*, 2007–Ohio–885, at ¶ 53. Under some circumstances a trial court *may* permit a party to withdraw or amend his admissions. *Amer, Cunningham, Brennan, Co. v. Sheeler*, 9th Dist. Summit No. 19093, 1999 WL 247110, *3 (Apr. 28, 1999). "Doing so must aid in the presentation of the merits of the action and must not prejudice the party who obtained the admissions." *Id.* Assuming both conditions are met, the decision as to whether to permit withdrawal or amendment is within the sound discretion of the trial court. *See Cleveland Trust Co.*, 20 Ohio St.3d at 68. A reviewing court may reverse a discretionary decision of the trial court only if the trial court abused its discretion in making the decision. *Jennings & Churella Constr. Co. v. Lindley*, 10 Ohio St.3d 67, 70 (1984). A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *Id.*

{¶10}   We find no error in the trial court's decision to grant a directed verdict on the basis of facts admitted by default.  Because facts germane to Ms. Smith's cause of action were admitted, after construing the evidence most strongly in favor of Ms. Smith, reasonable minds could come to but one conclusion.  *See* Civ.R. 50(A)(4); *Parrish* at ¶ 16.  Directed verdict was therefore properly granted by the trial court.

{¶11}   Under this first assignment of error, Ms. Smith additionally raises the argument that she had served Ms. Bernaciak's counsel with responses to the requests for admissions within 28 days of their receipt and cooperated with counsel to ensure access to the responses.  The record does not support this contention.  Ms. Bernaciak served her requests for admissions upon Ms. Smith on September 10, 2020.  The record indicates that although Ms. Smith provided a link to a Google Drive account allegedly containing responses to the requests for admissions on October 7, 2020, the link was not accessible.  A working link was not provided until December 8, 2020, well outside of the 28-day window.  Neither of these electronic responses included a certificate of service as required under Civ.R. 5(B)(4).

{¶12}   Ms. Smith's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PERMIT APPELLANT OPPORTUNITY TO WITHDRAW OR AMEND MATTERS ALLEGEDLY DEEMED ADMITTED.

{¶13}   In her second assignment of error, Ms. Smith argues the trial court erred by failing to permit her to withdraw or amend the admissions.  We do not agree.

{¶14}   As we noted above, under some circumstances a trial court *may* permit a party to withdraw or amend his admissions.  *Sheeler*, 1999 WL 247110, at *3.  "Doing so must aid in the presentation of the merits of the action and must not prejudice the party who obtained the

admissions." *Id.* Assuming both conditions are met, the decision as to whether to permit withdrawal or amendment is within the sound discretion of the trial court. *See Cleveland Trust Co.*, 20 Ohio St.3d at 68. A reviewing court may reverse a discretionary decision of the trial court only if the trial court abused its discretion in making the decision. *Lindley*, 10 Ohio St.3d at 70. A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. *Id.*

**{¶15}** Although Ms. Smith did not move the trial court to withdraw or amend her admissions, "[c]ourts have generally acknowledged that the challenging of the truth of the admissions may be treated as an implicit motion to withdraw." *Yoder v. Bennett*, 9th Dist. Summit No. 27667, 2015–Ohio–3752, ¶ 10. *See also Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980), fn. 2 ("[T]he trial court could reasonably find that, by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions.").

**{¶16}** Although a trial court thus has discretion in determining whether the motion requirement was satisfied, it also continues to have discretion as to whether to permit a party to amend or withdraw admissions. *See Cleveland Trust Co.* at 68. We find no abuse of discretion by the trial court in its determination that facts had been deemed admitted under Civ.R. 36, nor do we find any abuse of discretion by the trial court in not allowing for the amendment or withdrawal of those admissions. The record shows that Ms. Smith failed to properly respond to the request for admissions, which resulted in default admissions, failed to file for leave to file an untimely response, and failed to move the court to withdraw or amend the admissions. Although the trial court had discretion to allow for the withdrawal or amendment of admissions, it was under no obligation to do so.

**{¶17}** Ms. Smith's second assignment of error is overruled.

III.

**{¶18}** Ms. Smith's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶19} Given the circumstances surrounding the admissions in this case, the trial court abused its discretion by failing to permit Ms. Smith to amend or withdraw them as permitted by Civ.R. 36(B). *See generally In re N.F.*, 9th Dist. Summit No. 29508, 2020-Ohio-2701, ¶ 7, fn. 1. I would sustain Ms. Smith's second assignment of error and reverse the trial court's judgment on that basis.

{¶20} I respectfully dissent.

APPEARANCES:

R. SAMUEL GILLEY, Attorney at Law, for Appellant.

ELIZABETH R. EMANUEL and DAVID A. ZULANDT, Attorneys at Law,

MARK CRAIG, Attorney at Law, for Appellee.