[Cite as *In re N.F.*, 2020-Ohio-2701.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: N.F.
      N.T.

C.A. No.     29508


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 16-06-429
               DN 16-06-430

DECISION AND JOURNAL ENTRY

Dated: April 29, 2020

SCHAFER, Judge.

{¶1} Appellants, J.K. and K.K. ("Custodians"), appeal from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that modified the children's parenting time with their mother, S.J. ("Mother"). This Court affirms.

I.

{¶2} Mother is the biological mother of N.F., born October 21, 2008; and N.T., born February 3, 2012. On July 23, 2012, Akron Police placed the children under the protective supervision of Summit County Children Services Board ("CSB") because Mother had been arrested for forging a Xanax prescription. On July 27, 2012, CSB filed complaints to allege that these children were neglected and dependent because Mother appeared to have a substance abuse problem. Mother agreed to place the children in the home of Custodians while she addressed her drug problem and related criminal charges. The children were later adjudicated neglected and dependent and placed in the temporary custody of Custodians.

**{¶3}** On July 13, 2013, Custodians were awarded legal custody of N.F. and N.T. At that time, Mother was granted supervised visitation two times per week until she successfully completed substance abuse treatment. After completing drug treatment, Mother's parenting time was to be liberal, as arranged by Custodians. Mother completed drug treatment and began having unsupervised visits with N.F. and N.T. in November 2016.

**{¶4}** During March 2018, Mother moved for a modification of legal custody or, alternatively, a modification of her parenting time. Mother's request for increased parenting time was supported by her allegation that Custodians had stopped allowing her to visit her children.

**{¶5}** The matter ultimately proceeded to a hearing before a magistrate. Following the hearing, the magistrate denied Mother's motion for legal custody but granted her a standard order of parenting time with the children. Custodians filed objections, which were later overruled by the trial court. The trial court granted Mother a standard order of parenting time with N.F. and N.T. Custodians appeal and raise three assignments of error.

II.

### Assignment of Error I

**The trial court committed reversible error and violated legal custodians' rights to due process when it held, after a hearing on visitation and custody, that an unsigned pleading would be considered a response by [Mother] to legal custodians' request for admissions.**

**{¶6}** Custodians' first assignment of error is that the trial court improperly accepted Mother's responses to their requests for admissions under Civ.R. 36. They argue that the trial court lacked authority under Civ.R. 36 to admit Mother's answers because Mother did not sign her responses as required by Civ.R. 36 and the requests had already been deemed admitted at the hearing.

{¶7} The record reflects the following relevant facts. On October 29, 2018, Custodians filed and served Mother with written requests for admissions. The document requested that Mother admit or deny 17 statements of fact and/or conclusions of law and was electronically signed by Custodians' counsel. Among other things, the requests asked Mother to concede that there was no factual or legal basis for her motions.[1]

{¶8} On November 5, 2019, a similar document was filed in the trial court and served on the parties. The November 5 document was a verbatim copy, albeit in a different font, of Custodians' original requests for admissions with their counsel's electronic signature. The document was not signed by Mother. Notably, however, the handwritten words "admit" or "deny" had been added after each of the original typed statements.

{¶9} To support their argument that the requests were deemed admitted, Custodians point to one question answered by the magistrate at the hearing. During a lengthier discussion, counsel for Custodians asked the magistrate, "just so I'm clear, you said the request for admissions are deemed admitted and will be considered?" The magistrate responded, "Yes." Although this response might suggest that the magistrate deemed the requests for admissions admitted by Mother, this Court must review this brief exchange within the entire context of what transpired at the hearing.

{¶10} At the commencement of the hearing, counsel for Custodians asked that the requests be deemed admitted because Mother did not respond as required by Civ.R. 36. Mother, representing herself pro se, explained that she had filed the timely but unsigned responses. She

---

[1] This Court must note that Custodians failed to comply with Civ.R. 36 because many of their requests did not ask for "statements or opinions of fact or of the application of law to fact," but instead asked for legal conclusions about the merits of Mother's case. Such requests were improper under Civ.R. 36(A). *Cleveland v. Daher*, 8th Dist. Cuyahoga No. 76975, 2000 WL 1844739, *7 (Dec. 14, 2000).

explained that she responded as she thought she was supposed to and made sure that the document was served on counsel for Custodians and the guardian ad litem. The guardian ad litem stated that she had received a time-stamped copy of the responses.

{¶11} Counsel for Custodians admitted that he received the purported responses but stated that he had ignored them because he did not know what they were or who they were from. He referred to Mother's alleged responses as a "sham pleading" and asked that the document be stricken from the record. Counsel handed the magistrate a copy of a legal authority, which is not cited in the record, and a brief recess was taken for the magistrate to consider Custodians' argument that Mother's responses should be stricken.

{¶12} After the recess, the magistrate stated on the record that Custodians' argument was not persuasive and that "[w]e will proceed with trial today. Her admissions and responses to your request will be accepted into the record." Although the magistrate later responded "yes" to counsel's question that "the request for admissions are deemed admitted and will be considered[,]" within the context of the entire conversation, the magistrate was merely reiterating that both documents (the requests and the responses) would be admitted into evidence.

{¶13} Moreover, the parties went forward with a hearing, during which Mother presented evidence to support her motions without any objection from Custodians. By taking evidence to support Mother's allegations, the trial court further demonstrated that it had not accepted Custodians' argument that Mother's motions had no merit because she made default admissions under Civ.R. 36(A)(1). *See Balson v. Dodds*, 62 Ohio St.2d 287, 296 (1980), fn.2. Moreover, Custodians cross-examined most of Mother's witnesses, further demonstrating that many material facts were still in dispute.

{¶14} Finally, it is fundamental that a trial court speaks through its journal entries, not through oral pronouncements made during a hearing. *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, ¶ 15. The magistrate's decision and the trial court's judgment adopting it do not mention default admissions made by Mother, but instead refer to the evidence presented at the hearing. It is apparent from the record that the trial court accepted Mother's timely responses to Custodians' requests for admissions and did not deem the requests to be admitted by Mother's failure to strictly comply with Civ.R. 36. Custodians' first assignment of error is overruled accordingly.

### Assignment of Error II

**The trial court committed reversible error in finding that there has been a change in circumstances regarding Mother's motion to modify visitation as it was against the manifest weight of the evidence.**

### Assignment of Error III

**The trial court committed reversible error by finding that it was in the children's best interest for Mother to have a standard order of visitation.**

{¶15} This Court will address Custodians' second and third assignments of error together because they are interrelated. Custodians' second assignment of error is that the trial court erred in finding that there had been a change in circumstances of the children or Custodians that justified a modification of Mother's parenting time. This Court need not delve into the evidence supporting the trial court's finding that there had been a change of circumstances because no change was required for the trial court to modify parenting time.

{¶16} Custodians premise their argument on R.C. 2151.42(B), which provides, in relevant part:

A court shall not modify or terminate an order granting *legal custody* of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a *change has occurred in the circumstances of the child or the person who was granted legal custody*, and that

modification or termination of the order is necessary to serve the best interest of the child.

(Emphasis added.)

{¶17} Although R.C. 2151.42 applies to a judgment that modifies or terminates an order of "legal custody," the trial court denied Mother's motion to modify legal custody. It modified only parenting time. Custodians cite no authority for their argument that R.C. 2151.42 also applies to a judgment that modifies parenting time (formerly referred to as parental visitation).

> "Visitation" and "custody" are related but distinct legal concepts. "Custody" resides in the party or parties who have the right to ultimate legal and physical control of a child. "Visitation" resides in a noncustodial party and encompasses that party's right to visit the child. * * * Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute "custody" because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party.

*Braatz v. Braatz*, 85 Ohio St.3d 40, 44 (1999).

{¶18} By definition, following the adjudication of these children as neglected and dependent, "legal custody" vested in Custodians the right to have physical care and control of the these children and to determine where and with whom they should live, and the right and duty to protect, train, and discipline the them and provide them with food, shelter, education, and medical care. R.C. 2151.011(B)(21). Mother retained residual parental rights including "the privilege of reasonable visitation[.]" R.C. 2151.011(B)(21) and (48).

{¶19} The trial court's modification of Mother's parenting time did not affect its prior award of legal custody to Custodians. Consequently, the trial court was not required to find the threshold change of circumstances set forth in R.C. 2151.42. *See also In re J.S.*, 11th Dist. Lake No. 2011-L-162, 2012-Ohio-4461, ¶ 27-31 (holding that the best interest of the child is the sole consideration when modifying parenting time for a child who has been placed in the legal custody

of another following an adjudication of abuse). Because there was no need for the trial court to find a change of circumstances to modify Mother's parenting time, any error in that finding was harmless.

{¶20} Instead, the trial court was required to focus solely on the best interest of the children when modifying Mother's parenting time. *Id*. The trial court looked at the best interest factors set forth in R.C. 3109.051. Custodians' third assignment of error does not make a factual argument pertaining to the children's best interest but instead argues only that the trial court erred in applying the best interest factors set forth in R.C. 3109.051. They cite no case law to support their argument but rely solely on the language of the statute. R.C. 3109.051(A) provides, in relevant part:

> If a *divorce, dissolution, legal separation, or annulment proceeding* involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child[.]

(Emphasis added.)

{¶21} R.C. 3109.051 does use only the terms "divorce, dissolution, legal separation, or annulment proceeding[,]" but that is true with all sections of R.C. Chapter 3109, as they were initially intended to pertain to proceedings related to divorce, dissolution, and annulment, and are not tailored to proceedings involving abused, neglected, or dependent children.

{¶22} The language of R.C. 3109.04 (pertaining to custody) also does not refer to legal custody proceedings after a child has been adjudicated abused, neglected, or dependent, but specifically applies to "divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child[.]"

Nevertheless, R.C. 2151.23(F)(1) provides that "[t]he juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04 and 3127.01 to 3127.53 of the Revised Code[.]" This Court has long recognized that the best interest factors set forth in R.C. 3109.04 apply to a trial court's determination of legal custody following an adjudication of abuse, neglect, or dependency. *See*, *e.g.*, *In re A.M.*, 9th Dist. Summit No. 29388, 2019-Ohio-5221, ¶ 12; *In re K.A.*, 9th Dist. Lorain Nos. 15CA010850, 15CA010860, 2017-Ohio-1, ¶ 17.

{¶23} Although R.C. 3109.051 does not refer to parenting time in proceedings involving an abused, neglected, or dependent child, there is no statute that does. In fact, R.C. 3109.051 is the only statute pertaining to parenting time and has been applied in similar situations to the one before us on appeal. *In re J.S.*, 2012-Ohio-4461, at ¶ 31. Custodians have failed to demonstrate that the trial court erred in applying the best interest factors of R.C. 3109.051 in its decision to modify Mother's parenting time.

{¶24} Finally, Custodians argue that the trial court had no authority to award Mother a standard parenting time order because she did not explicitly request a standard order. They cite no authority to support their argument that a trial court's determination of parenting is confined to what the parent requests. R.C. 3109.051(A) provides that "the trial court shall make a just and reasonable order * * * [of] parenting time with the child at the time and under the conditions that the court directs[.]"

{¶25} Further, "[w]henever possible, the order * * * shall ensure the opportunity for [the] parent[] to have frequent and continuing contact with the child[.]" R.C. 3109.051(A). The Ohio Supreme Court has held that "[p]ursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." *Braatz v. Braatz*, 85 Ohio St.3d 40 at paragraph two of the syllabus.

Custodians have failed to demonstrate that the trial court abused its discretion by granting Mother the "standard" order of parenting time. Custodians' second and third assignments of error are overruled.

## III.

**{¶26}** Custodians' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

NEIL P. AGARWAL, Attorney at Law, for Appellants.

S. J., pro se, Appellee.

GINA D'AURELIO, Guardian ad Litem.