[Cite as *Ying v. Hallam*, 2024-Ohio-52.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| HUI-CHU YING | C.A. No. 30256 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CELESTE L. HALLAM | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 21 CVI 01148 |

DECISION AND JOURNAL ENTRY

Dated: January 10, 2024

CARR, Judge.

{¶1} Defendant-Appellant Celeste L. Hallam appeals, pro se, the judgment of the Akron Municipal Court, Small Claims Division. This Court affirms.

I.

{¶2} In February 2021, Plaintiff-Appellee Hui-Chu Ying filed a complaint alleging that Ms. Hallam, while renting a partially furnished house owned by Ms. Ying, disposed of furnishings owned by Ms. Ying. Ms. Ying sought the return of the furniture or $6,000 in damages.

{¶3} A magistrate heard the matter in December 2021. The magistrate issued a decision on February 2, 2022, concluding that the small claims court lacked jurisdiction to consider a replevin action and that Ms. Ying established the elements of conversion with respect to several items. The magistrate found Ms. Ying was entitled to recover $3,058.12.

{¶4} Ms. Hallam did not file objections to the magistrate's decision, nor did she file a copy of the transcript in the trial court. However, on February 11, 2022, Ms. Hallam filed a

document entitled "Request for a Time Extension to File My Appeal[.]" Therein, Ms. Hallam stated the following:

> I am the defendant in this case and I am appealing the judgment from small claims to the Akron Municipal Court.
>
> Owing to my not being a lawyer, I need two more months to prepare my appeal and pay for the transcript. Paying for the transcript is a hardship for me, and that's also why I need the extension in time.
>
> I request that the new due date be April 16, 2022.

{¶5} The motion was denied February 17, 2022. On February 18, 2022, the trial court issued a judgment entry adopting the magistrate's decision. The trial court concluded it lacked jurisdiction over the replevin claim and granted Ms. Ying a judgment in the amount of $3,058.12 for her conversion claim.

{¶6} Ms. Hallam has appealed, raising eight assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT AWARDED YING $20 FOR HER SINGLE BED.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED SIGNIFICANTLY WHEN IT AWARDED YING [] $2,995.00 FOR HER RATTAN FURNITURE[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT APPARENTLY DETERMINED THAT YING WAS A CREDIBLE WITNESS[.]

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT SUGGESTED SEVEN TIMES TO YING THAT HER FURNITURE WAS BASED ON "COMPARABLE" MARKET VALUE.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT ACCEPTED YING'S PHOTOS OF HER ARTWORK AS EXHIBITS.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED WHEN IT ACCEPTED YING'S EXHIBITS WHICH SHOW FURNITURE THAT DOESN'T HAVE ANYTHING IN COMMON WITH HER FURNITURE, EXCEPT IT IS CALLED "RATTAN" FURNITURE.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED WHEN IT DID NOT USE ITS OWN STATED STANDARD OF "COMPARABLE … IN TERMS OF, I GUESS, VALUE WORKMANSHIP, ET CETERA[]" WHEN EVALUATING HALLAM'S FURNITURE THAT ONLY COST $150.00.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED WHEN IT IGNORED MY OBJECTION THAT YING WAS NOT TELLING THE TRUTH ABOUT HER ACQUIRING THE FURNITURE IN 1950, AND WHEN IT ACCEPTED AS THE TRUTH THE INFORMATION CONTAINED IN YING'S ANSWER TO MY SUBPOENA.

{¶7}    In Ms. Hallam's eight assignments of error, she argues that various errors were made, including in the trial court's award of damages, determinations of credibility, handling of matters at the hearing, admission of exhibits, application of certain standards, and ruling on objections at the hearing.  However, because Ms. Hallam did not file objections to the magistrate's decision or file a copy of the transcript in the trial court, this Court is unable to address the merits of her arguments.

{¶8}    Civ.R. 53(D)(3)(a)(iii) provides in relevant part that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."  Here, the bottom of

the magistrate's decision, directly under the magistrate's signature, included the following advisement:

> The Parties have fourteen (14) days from the filing of this Magistrate's Decision to file written objections with the Clerk of Court. Any such objections must be served upon all parties to this action and a copy must be provided to the Court. A party shall not assign as error on appeal the Court's adoption of any factual findings or legal conclusion under Civ.R. 53(D)(3)(a)(ii) unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

{¶9} If a party fails to file objections, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) * * *." Civ.R. 53(D)(3)(b)(iv).

{¶10} In the instant matter, not only did Ms. Hallam fail to object to the magistrate's decision, she also failed to develop a plain error argument on appeal. This Court will not create a plain error argument for her. *Stevens v. Stevens*, 9th Dist. Medina No. 17CA0084-M, 2019-Ohio-264, ¶ 17. In addition, while Ms. Hallam filed a transcript of the hearing in this Court, she did not file a copy of the transcript in the trial court. *See United States of America v. Myers*, 9th Dist. Medina No. 15CA0105-M, 2016-Ohio-7817, ¶ 10. Accordingly, we would be unable to fully review the merits of the issues raised by Ms. Hallam even if she had argued plain error; given the nature of her arguments, a review of the transcript would be required. *See Stevens* at ¶ 17.

{¶11} Ms. Hallam's eight assignments of error are overruled.

### III.

{¶12} Ms. Hallam's assignments of error are overruled. The judgment of the Akron Municipal Court, Small Claims Division is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

CELESTE L. HALLAM, pro se, Appellant.

TYLER J. WHITNEY, Attorney at Law, for Appellee.