[Cite as *Molnar v. Castillo*, 2026-Ohio-646.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CAROL MOLNAR

    Appellee/Cross-Appellant

v.

BARBARA CASTILLO

    Appellant/Cross-Appellee

C.A. No.     31072

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-11-3152

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

CARR, Presiding Judge.

{¶1} Cross-Appellant Carol Molnar appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In November 2020, Ms. Molnar filed a complaint against her neighbor Cross-Appellee Barbara Castillo. Ms. Molnar alleged that Ms. Castillo committed civil trespass by constructing a fence which extended onto Ms. Molnar's property and by dumping yard waste into Ms. Molnar's yard.

{¶3} In February 2021, Ms. Molnar served requests for discovery on Ms. Castillo which included requests for admissions pursuant to Civ.R. 36. In November 2021, Ms. Molnar filed a motion for summary judgment, which Ms. Castillo opposed. Ultimately, the trial court denied the motion.

{¶4} In July 2022, Ms. Molnar filed a motion for leave to file a second motion for summary judgment. Therein, Ms. Molnar asserted that she was entitled to summary judgment as Ms. Castillo never responded to Ms. Molnar's requests for admissions. The trial court denied Ms. Molnar's motion for leave.

{¶5} In September 2022, Ms. Molnar filed a motion to compel discovery. Ms. Molnar alleged that she had not received responses to her discovery requests. Thereafter, Ms. Castillo filed a notice of service of her discovery responses; those discovery responses included responses to the requests for admissions. The following day, the trial court filed an entry noting that Ms. Molnar's motion to compel had become moot and dismissed it.

{¶6} In subsequent filings, Ms. Molnar maintained that her requests for admissions should be deemed admitted. For example, in Ms. Molnar's trial brief, she asserted that, because Ms. "Castillo did not respond to certain Requests for Admissions, such are deemed admitted." And in her post-trial brief, Ms. Molnar stated that "as [Ms.] Castillo did not respond in a timely manner nor seek leave from the Court and explain to the Court why she could not respond timely to certain Requests for Admissions, such are deemed admitted."

{¶7} In October 2023, the matter proceeded to a trial before a magistrate. The magistrate did not deem the requests for admissions admitted and instead made various findings of fact. The magistrate found in favor of Ms. Molnar but concluded that she had not set forth adequate proof of actual damages. Ms. Molnar was awarded nominal damages of $10. Ms. Castillo was ordered to remove the portion of the fence on Ms. Molnar's property. The magistrate concluded that Ms. Castillo's conduct did not meet the standard necessary for an award of punitive damages or attorney fees.

**{¶8}** Ms. Castillo filed objections to the magistrate's decision, but Ms. Molnar did not. Ms. Molnar did respond in opposition to Ms. Castillo's objections. However, because Ms. Castillo did not timely file a praecipe to the court reporter or file a deposit, the trial court did not have a transcript of the trial before it when it ruled on Ms. Castillo's objections. The trial court overruled Ms. Castillo's objections, adopted the decision of the magistrate, and entered judgment accordingly.

**{¶9}** Ms. Castillo appealed the judgment of the trial court, and Ms. Molnar filed a cross-appeal. However, Ms. Castillo's appeal was subsequently dismissed for failure to file a brief. *See Molnar v. Castillo*, 9th Dist. Summit No. 31072 (June 6, 2025). Therefore, only Ms. Molnar's cross-appeal remains pending. Ms. Castillo has not filed a brief in response to the cross-appeal. *See* App.R. 18(C).

II.

**CROSS-ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS GRANT OF LEAVE TO THE DEFENDANT TO RESPOND IN AN UNTIMELY MANNER TO REQUESTS FOR ADMISSIONS.

**{¶10}** Essentially, Ms. Molnar argues in her cross-assignment of error that the trial court erred in failing to find Ms. Molnar's requests for admissions deemed admitted due to Ms. Castillo's failure to timely respond to the discovery requests.

**{¶11}** Here, Ms. Molnar failed to object to the magistrate's decision. Accordingly, she did not preserve this argument for review. "If a party fails to file objections, '[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) . . . .'" *Ying v. Hallam*, 2024-Ohio-52, ¶ 9 (9th Dist.), quoting Civ.R.

53(D)(3)(b)(iv). Further, as Ms. Molnar has not developed a plain error argument on appeal, this Court will not construct one for her. *See id.* at ¶ 10; *see also In re N.F.*, 2020-Ohio-2701, ¶ 5-14 (9th Dist.) (addressing the merits of a similar argument when the appellant had objected to the magistrate's decision).

{¶12} Ms. Molnar's cross-assignment of error is overruled.

III.

{¶13} Ms. Molnar's cross-assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.


APPEARANCES:

ANDREW J. WIDES, Attorney at Law, for Appellant/Cross-Appellee.

THOMAS C. LOEPP, Attorney at Law, for Appellee/Cross-Appellant.